**NEALE v TALLMADGE (Village)**

Ohio Appeals, 9th Dist, Summit Co

No 3211. Decided Nov 17, 1939

Bailey & Bailey, Akron, for appellee.
Scott A. Belden, Akron, and Waters, Andress, Wise, Roetzel & Maxon, Akron, for appellant.

## OPINION

By STEVENS, J.

Marie Neale filed her action in the Court of Common Pleas of Summit County, Ohio, against the Village of Tallmadge to recover damages for injuries alleged to have been sustained by her on December 5, 1937, when the automobile driven by her husband, in which she was riding as a passenger overturned on a public highway within the corporate limits of the village of Tallmadge, Ohio.

The petition set out a cause of action against the city for the maintenance of a nuisance in allowing said public highway to become out of repair, and, by reason of excavations and fills therein, to be dangerous to travelers thereon, because deep ruts and trenches had been cut into the soft earth with which the street had been surfaced, which the defendant well knew and for a long time had known.

To that petition defendant filed its answer, in which it denied in detail the

allegations of the petition, and plead facts tending to show no liability on the part of the municipality.

The cause came on for trial, and was submitted to a jury, which jury returned a verdict in favor of the plaintiff in the amount of $1500. The case comes into this court on appeal on questions of law.

The record discloses that the Mogadore-Munroe Falls road, now known as county highway No. 80, at the point of the occurrence under consideration, is within the municipal limits of the village of Tallmadge; that on October 12, 1935, Summit county, through its county engineer, made application to the federal government for an allotment of money to improve said road, which at that time was a county highway.

On January 1, 1936, the village of Tallmadge became a municipal corporation.

In December of 1936, the application of the county for an allocation of federal funds was approved, and on December 17, 1936, the improvement of this road was started under W.P.A. supervision. The work continued until July of 1937, when it was discontinued by reason of lack of funds.

Seven-tenths of a mile of said road was left without being surfaced, although the same had been graded and filled, and this accident occurred at a point upon said seven-tenths of a mile portion of said road.

The defendant village took no legislative action assenting to the improvement, or granting to the federal government or to the county the right to construct or improve the road.

Plaintiff and her husband, residents upon said seven-tenths' mile strip of road, were both familiar with the road, and drove their automobile over the same—the wife once, within a week of the time of the accident, and the husband on the day prior to the accident.

The plaintiff claimed, and her evidence tended to show, that, by reason of the presence of ruts in the road at the point of the accident, the front wheels of the automobile in which she was riding, got into one set of ruts, and the rear wheels into another, with the result that the car was overturned and plaintiff somewhat injured.

Counsel for the appellant village spent much time in argument and much space in briefs discussing the proposition that, inasmuch as the improvements upon the road in question had been made by the county in conjunction with the Works Progress Administration without any legislation by the municipality authorizing the same, no liability could attach to the municipality for conditions resulting from the making of the improvement. However, the answer of the defendant admits that "on several occasions during the summer and fall of 1937, the last time being on or about November 6, 1937, said Mogadore-Munroe Falls road, between Newton street extension and the Tallmadge-Mogadore road, was graded and made passable by this defendant." It therefore became apparent that, after the abandonment of the improvement by W.P.A. and Summit county, and before the injury to the plaintiff, the municipality did undertake the maintenance of the road, and did make improvements thereon; and we accordingly conclude that the argument as to nonliability because of the work being done by the county and W.P.A. is not well founded, in view of the admissions made in the answer of the defendant.

The defendant (appellant) presents the following assignments of error:

1. That the court erred in overruling the motion to direct at the conclusion of all of the evidence; also for the overruling of defendant's motions for judgment notwithstanding the verdict and for a new trial.

2. That the court erred in giving to the jury, before argument, certain written requests.

3. That the court erred in its general charge to the jury.

4. That the verdict of the jury is manifestly against the weight of the evidence and contrary to law.

5. That the damages awarded by the jury are excessive.

This court is of the opinion that no error intervened in the court's overruling of the motion to direct a verdict for the defendant, made at the conclusion of plaintiff's evidence and at the conclusion of all of the evidence, and we are also of the opinion that it was not error for the trial court to overrule defendant's motion for judgment notwithstanding the verdict.

What is said hereinafter will indicate our reasons for holding that the trial court erred in overruling defendant's motion for a new trial.

With reference to the second assignment of error, the court gave the following special requests to charge before argument:

"2. I charge you that if you find from the evidence that plaintiff sustained an injury while traveling upon a street in the defendant village, which street was then out of repair and unsafe for traveling, and that plaintiff's injuries were proximately and directly due to the failure of the defendant to repair said street, or protect the public from the unsafe condition thereof, within in a reasonable time after knowledge of its condition, such failure of defendant would be negligence and the defendant would be liable.

"3. If you find from the evidence that plaintiff was free from negligence contributing to her own injuries and that her injuries were the direct and proximate result of the concurrent negligence of her husband and of the defendant, she is entitled to recover in this action."

It is urged that the giving of said special instructions was error prejudicial to the right of the defendant, because the only right to recover under §3714 GC, is on the basis of the existence of a nuisance in the public street, and not by reason of the negligent conduct of the city.

Sec. 3714 GC, imposes upon a municipal corporation the duty to keep its streets and public highways "open, in repair, and free from nuisance." The petition in the instant case predicates the claim to a right of recovery upon the allegation that said road was allowed to become "out of repair, and, by reason of excavations and fills therein, was made dangerous to travelers thereon, in that deep ruts and trenches had been cut into the soft earth with which said street was surfaced."

In effect, §3714 GC, is a requirement that municipal corporations shall prevent the existence of nuisances in the highways and streets within their corporate limits; and when a municipal corporation allows a street to become so out of repair as to be dangerous, a jury may be justified in finding that the corporation itself maintains a nuisance. A suit to recover for injuries occasioned by such condition must be for damages arising from the maintenance of a nuisance, and not upon the basis of common law negligence. That proposition has been stated by the Supreme Court of Ohio in **Village of Cardington v Admr. of Fredericks, 46 Oh St 442,** and **City of Mingo Junction v Sheline, Admx., 130 Oh St 34,** second paragraph of the syllabus.

It is our judgment that the giving of the special requests Nos. 2 and 3, set out above, was prejudicially erroneous, because each of said requests indicates that the liability of the city for failure to keep its streets in repair may properly be predicated upon common law negligence.

The maintenance and repair of streets is a governmental function, and, under such circumstances, the city is liable for failure to discharge its statutory duty only in the event it creates, or permits the existence of, a nuisance after notice thereof. The injection of these charges, dealing with liability for common law negligence on the part of the municipality, tended to mislead and confuse the jury and was error.

**Stephens v City of Akron, 59 Oh Ap 526.**

With reference to the third assignment of error, we find no prejudicial error in the general charge of the court in the respects concerning which complaint is made.

As to the fourth assignment of error, the evidence in this case, especially that of plaintiff's husband, the driver of the car in which plaintiff was riding, strongly indicates that the condition which it is claimed was the cause of the occurrence resulting in injury to the plaintiff arose between Saturday morning and 1:30 Sunday afternoon. Assuming that the condition which the evidence shows to have existed at the time of the injury to plaintiff would have warranted the jury in finding the existence of a nuisance, it was incumbent upon the plaintiff to show notice to the municipality of the existence of said condition or the condition must have existed for a sufficient length of time to charge the municipality with constructive notice of the existence thereof.

It is our judgment that the finding of the jury that the city had actual or constructive notice of the existence of the condition which it is claimed caused plaintiff's injuries, is manifestly against the weight of the evidence, under the circumstances disclosed by this record.

Our conclusion in connection with the foregoing alleged errors makes unnecessary a consideration of the damages awarded by the jury.

The judgment will be reversed, and the cause remanded for further proceedings according to law.

WASHBURN, PJ. and DOYLE, J., concur.